# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY FAIR**,

      Plaintiff,

                                          **Case No. 06-C-1072**

**v.**

**BASIC METALS, INC.**,

      Defendant.

## ORDER CONTINUING PROSECUTION OF CASE

On October 18, 2006, an order was entered permitting the plaintiff to pursue this action *in forma pauperis*. The plaintiff's complaint alleges that he was subjected to a hostile work environment on the basis of his race, in violation of Title VII, and that he was discriminated against on the basis of a disability, in violation of the ADA. The case was initially assigned to Judge Lynn Adelman, but transferred to this court on the consent of the parties.

The court scheduled a Rule 16 conference for January 17, 2007. The defendant appeared by counsel, but Mr. Fair failed to appear, having received notice of the date and time of the conference. The court then ordered that the plaintiff explain his absence in writing and indicate whether he wished to continue with the prosecution of this case. On January 26, 2007, the court received a letter from Mr. Fair.

In his letter, Fair indicates difficulties he has experienced in receiving his mail, due to the actions of family members. He states that he wishes to pursue this action and requests that the court "subpoena all the employees I knew from the time I worked there to appear in court - on my next

date." He asks that the court conference be rescheduled. Counsel for the defendant takes issue with Mr. Fair's response. Counsel points out that the notice scheduling the hearing was dated December 14, 2006, but the plaintiff stated he only received it several days prior to his letter to the court.

Dismissal of an action is a drastic sanction, one which is not warranted. The action will continue, but the plaintiff is notified that it is his sole responsibility to obtain the mail sent to him, either from the court or the defendant. Excuses that family members may have misdelivered the mail will not suffice and, in the future, the plaintiff will suffer the consequences of non-appearance or non-response. Secondly, the court will not subpoena any former employees to appear in court. No trial has as yet been scheduled at which the presence of any former employees would be needed; and, at that time, obtaining their appearance would be the responsibility of the parties.

More importantly, the defendant indicates that the issues raised by the plaintiff have been already litigated between the parties. According to defense counsel, a hearing was held before an administrative law judge, witnesses were called and a decision dismissing plaintiff's complaint was issued by the Department of Workforce Development. As such, the defendant believes that a motion for summary judgment seeking dismissal is appropriate, based on the doctrine of issue preclusion. In other words, if the same issues have been already litigated between the parties, they are not to be re-litigated in a different forum.

Therefore, the court entered an order directing that the defendant should file its motion for summary judgment no later than February 28, 2007. All discovery is stayed until the resolution of the motion. If the motion is granted, the case will be dismissed. If it is denied, the court will hold another conference and discuss discovery and other scheduling matters. This is a most important motion and the plaintiff is advised that he must respond to the defendant's motion **within 30 days** after being

served with a copy of the motion; the defendant will then have 15 days to reply. This means the plaintiff must straighten out his mail system. In that regard, the plaintiff is further advised that copies of all documents filed with the court must be mailed to the defendant's attorney.

Accordingly, this court will continue the action, and the defendant shall file its motion for summary judgment as previously ordered.

SO ORDERED.


Dated at Milwaukee, Wisconsin, this 31st day of January, 2007.

s/AARON E. GOODSTEIN
U.S. MAGISTRATE JUDGE